**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

RAJINDER SIDHU (A-No. 241-403-136),

Petitioner,

v.

ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-8289-JLT-EPG

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING THE MOTION TO APPOINT COUNSEL AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE

(Docs. 1, 3, 4)

## I. INTRODUCTION

Before the Court is Rajinder Sidhu's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is lawfully detained under 8 U.S.C. § 1226(a). (Doc. 9 at 1.) For the reasons set forth below the Court, **GRANTS** the habeas petition.[1]

///

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 8.) Respondents do not request a hearing or further briefing. (Doc. 9 at 1.) Petitioner did not file a reply. Thus, the Court decides the case on the underlying habeas petition and on the present record.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. FACTUAL BACKGROUND

Petitioner is from India. (Doc. 9 at 3.) Petitioner entered the United States on July 15, 2023, where he was encountered by U.S. Customs and Border Protection. (*Id*. at 5.) The Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*. at 5, 7.) Petitioner was then released into the interior of the country on an Intensive Supervision Appearance Program (ISAP) pursuant to Alternatives to Detention (ATD). (*See id*. at 4.) Soon after Petitioner's entry, Petitioner applied for asylum and his application remains pending. (Doc. 1, ¶ 23.) Petitioner has no criminal history, and his removal proceedings remain ongoing.[2] (Doc. 9 at 5.)

On September 19, 2026, Petitioner reported to ICE ERO officer in Fresno, California, as part of his ATD reporting requirements. (Doc. 9 at 4.) On that date, ICE deportation officers conducted a record check in ICE's database and discovered that Petitioner had four ATD violations including three missed tracker callbacks and one tracker low battery on January 13, 2026, January 19, 2026, January 22, 2026, and June 14, 2026. (*Id*.) ICE officials detained the Petitioner without incident because these alleged ATD violations "made him amenable to be taken into custody." (*Id*.) That day, DHS issued a Notice of Custody Determination indicating that Petitioner would be detained pending a final administrative decision in his case. (*Id*. at 11.)

---

[2] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited November 3, 2026).

Petitioner was later transferred to the Golden State Annex Detention Facility, in McFarland, California, where he remains. (Doc. 1, ¶ 1.)

Petitioner contests these allegations and claims that he has complied with the ATD program without any issues, and that he immediately charges his device when it appears to be low battery. (Doc. 1, ¶ 23.) Petitioner further argues that the government's vague allegations referenced in the I-213 regarding Petitioner's alleged ATD violations is insufficient to justify his re-detention. (*See id.*) Apart from the I-213, Respondents do not include substantive evidence of Petitioner's alleged violations, such as electronic records displaying failed submissions or a declaration from the assigned deportation officer. (*See* Doc. 9 at 4.)

On October 9, 2026, Petitioner filed a petition for writ of habeas corpus and a TRO, arguing that his re-detention without pre-deprivation notice and hearing violates the Fifth Amendment Due Process Clause. (*See* Doc. 1, ¶¶ 23, 46–49; Doc. 4 at 2.) On October 16, 2026, Respondents filed an opposition arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and arguing that he is only entitled to a custody redetermination hearing before an immigration judge. (Doc. 9 at 1.) Petitioner did not file a reply by the deadline.

## IV. DISCUSSION

As Respondents concede (*see* Doc. 9 at 1), Petitioner's detention is governed by 8 U.S.C. § 1226(a) as a noncitizen who was encountered upon entry into the United States and released into the interior of the country on parole. *See e.g.*, *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO, 2025 WL 2938808, at *3–6 (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention after more than three years of release without pre-deprivation notice and

hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Respondents further argue that Petitioner's ATD violations justified his re-detention. (*See* Doc. 9 at 4.) Petitioner disputes these allegations and argues that he "complied with the program" and that whenever he experienced issues with the device, "he immediately charge[d] it." (Doc. 1, ¶ 23.) Though this Court would generally order a bond hearing as the appropriate remedy in cases of alleged ATD violations, this Court finds that Respondents failed to provide sufficient, independent verifiable supporting documentation regarding the substance of Petitioner's alleged ATD violations. *Cf. Bejarano v. Chestnut*, *et al.*, No. 1:25-cv-01905-JLT-SAB, 2026 WL 92018, at *2, 4–6, 7 (E.D. Cal. Jan. 13, 2026) (ordering a post-deprivation bond hearing because respondents' evidence—including a comprehensive list of the date/type of violation and a declaration from a deportation officer who referenced three exhibits from DHS records—adequately demonstrated legitimate violations and were not obviously pretextual for petitioner's arrest); *Nateros v. Chestnut, et al.*, No. 1:25-cv-01950-JLT-SKO, 2026 WL 177799, at *2, 4, 6 (E.D. Cal. Jan. 22, 2026) (ordering a post-deprivation bond hearing because respondents' evidence—including attached exhibits showing at least ten documented ATD violations and petitioner's admitted failure to comply with timely check-ins—constituted sufficient evidence and adequate rationale for re-arresting the petitioner).

In this case, Respondents' allegations of ATD violations fail to adequately show a change in circumstances such that re-detention was justified and not clearly pretextual. Petitioner's last alleged ATD violation occurred on June 14, 2026, but Petitioner was not arrested by ICE until *after* he arrived for his check-in appointment, months later in September 2026. (*See* Doc. 9 at 4); *see Dilpreet Singh v. Andrews, et al.*, No. 1:26-cv-03299-JLT-EPG, 2026 WL 1361738, at *2–3 (E.D. Cal. May 15, 2026); *E.A.T.-B v. Wamsley*, No. C25-1192-KKE, 2025 WL 2402130, at *4 (W.D. Wash. Aug. 19, 2025) (ordering petitioner's immediate release where ICE's post-hoc explanation that ATD violations warranted his detention was pretextual, in part, because ICE first became aware of petitioner's alleged ATD violations a few hours before his immigration hearing). Furthermore, Petitioner has no criminal history and there is no indication in the record to suggest he presents a danger to the community. (*See* Doc. 9 at 5.)

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2. The motion to appoint counsel (Doc. 3) is **DENIED** as **MOOT**.[3]

3. The motion for temporary restraining order (Doc. 4) is **DENIED** as **MOOT**.

4. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[4];

5. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

6. The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: November 3, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Because the Court **GRANTS** the habeas petition and orders immediate release, the motion to appoint counsel is now moot.

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.